UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| M. L.,<br><br>  Plaintiff,<br><br>  v.<br><br>EVALINA BARTH,<br><br>  Defendant. | Case No. 14-CV-05423-LHK<br><br>**ORDER DENYING MOTION FOR GUARDIAN AD LITEM FOR MINOR PLAINTIFF, M.L., AND DISMISSING CASE WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 22 |

Before the Court is Plaintiff M.L. Loumena's ("Plaintiff") motion for the appointment of a guardian ad litem. ECF No. 22 ("Mot"). The motion was not set for a hearing and the Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby DENIES Plaintiff's motion for the appointment of a guardian ad litem and DISMISSES the case without prejudice. Accordingly, the Court hereby VACATES the initial case management conference set for December 16, 2015, at 2:00 p.m.

**I.    BACKGROUND**

**A. Factual Background**

Plaintiff, who is *pro se*, alleges that Defendant Evalina Barth ("Defendant") acted under the color of law to deprive Plaintiff of money in violation of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights. ECF No. 1 ("Compl."). Although not clear from the allegations, Defendant appears to be an employee for the State of California, possibly a levying officer or a court employee. *Id.* ¶¶ 4, 9, Ex. B1. Plaintiff alleges that Defendant "has collected $61,461.62 in child support much of which was for Plaintiff," although neither of Plaintiff's parents pay child support. *Id.* ¶ 10. Defendant is allegedly holding the money or transferring the money to Plaintiff's father, Timothy P. Loumena ("Loumena"). *Id.* ¶¶ 6-7. Plaintiff has had little or no contact with Loumena since 2010. *Id.* ¶ 11. Plaintiff claims that Defendant is "maliciously harass[ing] and financial harm[ing] Plaintiff, unlawfully seizing his assets, acting as a levying officer and depleting [the assets]" in violation of 42 U.S.C. § 1983. *Id.* ¶ 4.

Plaintiff attached to the complaint a number of documents from what appears to be a child support proceeding in the Superior Court of California, County of Santa Clara between Plaintiff's mother, Wylmina E. Hettinga ("Hettinga"), and Plaintiff's father, Loumena. *See id.* Exs. A-E. Citing these documents, Plaintiff alleges that "[Defendant] claims that Plaintiff is required to be represented by a Guardian Ad Litem in order to have [Plaintiff's money] returned but this is false." *Id.* ¶ 8 (citation omitted). Although Plaintiff does not explain the attached documents, it appears that, in the state court proceeding, Plaintiff is claiming that the California Department of Child Support Services levied money from Hettinga that actually belongs to Plaintiff. *Id.* Ex. B1-2 (Notice of Opposition and Notice of Motion on Claim of Exemption, or "Nov. 25, 2014 Notice").

The November 25, 2014 Notice states that Plaintiff may be unable to represent himself in the state child support proceeding because Plaintiff is a minor, and notes that the court must appoint a guardian ad litem when a child becomes a party in a parentage proceeding. *Id.* The Notice reveals that Plaintiff was recently in the physical custody of Hettinga. *Id.* Additionally, the Notice states that "the only individual who has contacted our office regarding this matter has

2

Case No. 14-CV-05423-LHK
ORDER DENYING MOTION FOR GUARDIAN AD LITEM FOR MINOR PLAINTIFF, M.L., AND DISMISSING CASE WITHOUT PREJUDICE

1 been Wylmina Hettinga." *Id.* The Notice quotes a state court judge, who "expresses concern
2 about [Hettinga] misrepresenting facts [about Plaintiff] at the court appearance of July 24, 2014."
3 *Id.*

**B. Prior Litigation Involving the Hettinga-Loumena Divorce**

The California Superior Court and the California Court of Appeal have each declared Hettinga a vexatious litigant. *See* Statement of Decision at 8, *Hettinga v. Loumena*, No. 1-05-FL-127695 (Cal. App. Dep't Super. Ct. Aug. 25, 2014); *see also* Compl. Ex. B2. The U.S. District Court for the Northern District of California also declared Hettinga a vexatious litigant. *Hettinga v. Loumena*, No. 13-CV-2217-RMW, 2014 WL 4955187, at *4 (N.D. Cal. Sept. 30, 2014). Hettinga is subject to a pre-filing review of all her future filings in the Northern District of California. *Id.* Specifically, "[t]he Clerk of this court may not file or accept any further complaints filed by or on behalf of Wylmina Hettinga as a named plaintiff that arise out of facts related to plaintiff's divorce case." *Id.*

This is now the eleventh case in this district filed by Hettinga, Plaintiff, or Plaintiff's older brother regarding the divorce proceedings of Hettinga and Loumena. *See Loumena v. Hammon, et al.*, No. 15-CV-03613-NC; *M.L. v. Nichols, et al.*, 15-02303-BLF; *Hettinga v. Paliwal*, No. 15-CV-02246-BLF; *Loumena v. Nichols, et al. ("Nichols")*, No. 15-CV-01372-BLF; *Loumena v. Kennedy, et al.*, 15-CV-00951-LHK; *Loumena v. Kennedy, et al.*, No. 14-CV-04165-LHK; *Hettinga v. Loumena*, No. 13-CV-2217-RMW; *Hettinga, et al. v. Loumena, et al.*, No. 10-CV-02975-JSW; *Hettinga v. Orlando, et al.*, No. 09-CV-00253-JW; *Hettinga v. Hammon, et al.*, No. 09-CV-06040-JW. Seven of the previous cases have been dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See Nichols*, No. 15-CV-01372-BLF (dismissing case under the *Rooker-Feldman* doctrine and collecting previous cases).

**C. Procedural History**

On December 11, 2014, Plaintiff filed the complaint. ECF No. 1. The complaint alleges one cause of action: a violation of Plaintiff's civil rights under 42 U.S.C. § 1983. Compl. ¶¶ 15-

3

1  22. On December 19, 2014, the Court granted Plaintiff leave to proceed in forma pauperis. ECF
2  No. 4. The summons was returned unexecuted on January 28, 2015. ECF No. 7. The case was
3  reassigned to the undersigned judge on April 21, 2015. ECF No. 17. On August 6, 2015, Plaintiff
4  filed the instant motion to appoint a guardian ad litem. ECF No. 22. That same day, Plaintiff filed
5  a declaration of service of Defendant by United States mail. ECF No. 23. Defendant has not yet
6  appeared in the case.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 17(c)(1)(A), a general guardian may sue on a minor's behalf. If a minor does not have a general guardian or other qualifying representative to sue on his behalf, "[a] minor . . . may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). The minor's guardian ad litem must be appointed by the court "to protect a minor . . . who is unrepresented in an action." *Id.*[1] "A court has broad discretion in ruling on a guardian ad litem application." *Kulya v. City & Cnty. of San Francisco*, No. C 06-06539 JSW, 2007 WL 760776, *1 (N.D. Cal. Mar. 9, 2007) (quoting *Williams v. Superior Ct. of San Diego*, 54 Cal. Rptr. 3d 13 (App. Dep't Super. Ct. 2007)).

## III. DISCUSSION

As a minor, Plaintiff may only pursue claims through a representative. *See* Compl. ¶ 3. Plaintiff requests that this Court appoint a guardian ad litem "to represent [Plaintiff's] interests as suggested by the Superior Court of the State of California." Mot. at 1.

As a preliminary matter, the Court notes that Plaintiff appears to be confused about the relationship between this proceeding and the state court child support proceedings. Plaintiff claims that Defendant and the Superior Court of the State of California have suggested Plaintiff be

---

[1] Under Rule 17(b)(1), an individual's capacity to sue is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b)(1). Under California law, minors may not file suit unless a guardian conducts the proceedings. *See Castillo-Ramirez v. Cnty. of Sonoma*, No. C-09-5938 EMC, 2010 WL 1460142, at *1 (N.D. Cal. Apr. 9, 2010) ("When minors are involved, California Family Code §§ 6502 and 6601 provide that a minor, or an individual under the age of eighteen, may file a civil suit as long as the action is conducted by a guardian."). Because Plaintiff is a minor domiciled in California, Plaintiff may only pursue his claims through a representative.

4
Case No. 14-CV-05423-LHK
ORDER DENYING MOTION FOR GUARDIAN AD LITEM FOR MINOR PLAINTIFF, M.L., AND DISMISSING CASE WITHOUT PREJUDICE

appointed a guardian ad litem in this case. *See id.*; Compl. ¶ 8. However, Defendant has not appeared in this case and has made no representations about Plaintiff needing a guardian ad litem. Moreover, Plaintiff's citation to the November 25, 2014 Notice does not support Plaintiff's claim. The Superior Court neither appointed a guardian for Plaintiff in the state case nor suggested that this Court appoint a guardian in the instant case. Nov. 25, 2014 Notice. Instead, the November 25, 2014 Notice merely stated that California law requires the court to appoint a guardian ad litem when a child is made a party to a parentage proceeding. *See id.*

Additionally, the Superior Court order reveals troubling information about the state child support proceeding. At the time of the November 25, 2014 Notice, Hettinga had physical custody of Plaintiff. *Id.* The state court found that Hettinga is the only individual that has contacted the state court about Plaintiff's child support proceeding. *Id.* The Notice also included the state judge's concern that Hettinga misrepresented facts about Plaintiff to the state court. *Id.* Given the state court's findings and the history of frivolous lawsuits arising out of the Hettinga-Loumena divorce filed by Hettinga and her two children, it appears to this Court that Hettinga may be attempting to avoid the vexatious litigant orders of the California Superior Court, the California Court of Appeal, and the U.S. District Court by filing lawsuits through Hettinga's minor child. Should future filings suggest that Hettinga is filing suits through Plaintiff, the Court may order Hettinga and Plaintiff to show cause as to why each should not be sanctioned.

The Court now turns to the substance of Plaintiff's motion for a guardian ad litem. Plaintiff's request for a guardian ad litem did not suggest anyone to act as guardian. *See* Mot. at 2. "When choosing a guardian ad litem for a civil lawsuit, the most important issue is protection of the minor's interest in the litigation." *Kulya*, 2007 WL 760776, at *1 (*citing Williams*, 54 Ca. Rptr. 3d. at 20). The Court is hesitant to select someone to represent Plaintiff's best interests when the Plaintiff has not suggested a guardian. Plaintiff cites no authority in which the Court appointed a guardian ad litem of its own choosing, without any suggestion from the parties, and the Court has found none in this district. *See, e.g.*, *Neri v. Tennis Villas at Blackhawk Assocs.*,

5

Case No. 14-CV-05423-LHK
ORDER DENYING MOTION FOR GUARDIAN AD LITEM FOR MINOR PLAINTIFF, M.L., AND DISMISSING CASE WITHOUT PREJUDICE

*Inc.*, No. 3:13-CV-5180 KAW, 2013 WL 6091798, at *1 (N.D. Cal. Nov. 19, 2013) (granting the plaintiff's motion for an order appointing plaintiff as guardian ad litem for plaintiff's three minor children); *Belinda v. Cnty. of Alameda*, No. 10-CV-05797-LHK, 2011 WL 2690356, at *5 (N.D. Cal. July 8, 2011) (dismissing claims without prejudice as to minor when Court found that the identified guardian could not be appointed due to conflict of interest, and no attorney appeared to prosecute the claims); *Watson v. Cnty. of Santa Clara*, 468 F. Supp. 2d 1150, 1155 (N.D. Cal. 2007) (dismissing without prejudice actions brought by plaintiff minors because motion to appoint guardian ad litem was not refiled after case was reassigned, and thus no guardian ad litem was formally appointed by the court). According, the Court DENIES Plaintiff's motion to appoint a guardian ad litem.

Because Plaintiff cannot bring suit individually and has offered no guardian ad litem to appoint, the Court DISMISSES the case without prejudice to Plaintiff bringing these claims through the appropriate means, assuming Hettinga is not filing lawsuits through Plaintiff to circumvent three vexatious litigant orders. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 878 (9th Cir. 1997) (holding that dismissal of action against minor without a guardian ad litem should be without prejudice); *Watson*, 468 F. Supp. 2d at 1155 (N.D. Cal. 2007) (dismissing without prejudice actions brought by plaintiff minors because no guardian ad litem was formally appointed by the court); *Castillo-Ramierz*, 2010 WL 1460142, at *1-2 (same).

## IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiff's motion for the appointment of a guardian ad litem and DISMISSES the case without prejudice. The Clerk shall close the case file.

The Court again cautions Plaintiff that making filings on behalf of Hettinga, a vexatious litigant, risks sanctions against Plaintiff and Hettinga. Additionally, the Court notes that there is no record that Plaintiff served Defendant within 120 days after the filing of the complaint, as required by Federal Rule of Civil Procedure 4(m). *See* Fed. R. Civ. P. 4(m) (providing that if a

6

Case No. 14-CV-05423-LHK
ORDER DENYING MOTION FOR GUARDIAN AD LITEM FOR MINOR PLAINTIFF, M.L., AND DISMISSING CASE WITHOUT PREJUDICE

defendant is not served with 120 days, the court "must dismiss the action without prejudice" unless plaintiff "shows good cause for the failure"). Assuming Hettinga is not circumventing the three vexatious litigant orders by filing lawsuits through her minor child, Plaintiff must serve defendants within 120 days of the filing of the complaint should Plaintiff refile this case with an application for a specific guardian ad litem.

**IT IS SO ORDERED.**

Dated: October 5, 2015.

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Case No. 14-CV-05423-LHK
ORDER DENYING MOTION FOR GUARDIAN AD LITEM FOR MINOR PLAINTIFF, M.L., AND DISMISSING CASE WITHOUT PREJUDICE